UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:09-CR-073-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| JOHN W. PETERS, ) | **JUDGE'S RECOMMENDED** |
| ) | **DISPOSITION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 45]. The Recommended Disposition addresses the United States Probation Office's ("USPO") Supervised Release Violation Report ("the Report") and its Addendum which allege four violations of the conditions of Defendant John W. Peters's supervised release. *Id.* at 2–3. Neither party filed objections to the Recommended Disposition, and Peters has filed a Waiver of Allocution, [R. 46]. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommended Disposition and will find Peters guilty of all four violations.

Concerning Violation #1, the Report alleges that, on October 27, 2020, Peters was arrested and charged with possession of methamphetamine, marijuana, and drug paraphernalia. *Id.* at 2. He was released on that same date. *Id.* He then failed to appear for his arraignment the following day, and a bench warrant was subsequently issued. *Id.* He was ultimately indicted and pleaded guilty to first-degree possession of a controlled substance, first offense, and was sentenced to three years of imprisonment, suspended. *Id.*

The Report alleges three violations as a result of these events. Violation #1 alleges that Peters violated the condition that he refrain from committing another federal, state, or local crime. *Id.* This is a Grade B violation. *Id.* Violation #2 alleges that Peters violated the condition prohibiting the purchase, possession, use, distribution, or administration of any controlled substance or related paraphernalia, unless prescribed by a physician. *Id.* This is a Grade C violation. *Id.* Violation #3 charges a violation of the condition that Peters notify his probation officer of his arrest within seventy-two hours of being arrested. *Id.* at 2–3. This is also a Grade C violation. *Id.* at 3.

On January 12, 2021, the USPO released an Addendum to its Report, alleging a fourth violation of Peters's supervised release conditions. *Id.* This violation stemmed from Peters's arrest on January 3, 2021, at which time he was charged with fleeing or evading police and resisting arrest. *Id.* He later pleaded guilty and was sentenced to 360 days in jail, conditionally discharged. *Id.* Violation #4 alleges that Peters violated the condition that he not be convicted of another federal, state, or local crime, a Grade C violation.

The Court conducted an initial hearing on these charges on February 25, 2021, and Peters was remanded to the custody of the United States Marshal. *Id.* at 3; *see also* [R. 43]. The Court conducted a final hearing on March 9, 2021. [R. 45, p. 3; R. 44] At the final hearing, Peters entered a knowing, voluntary, and intelligent stipulation to all four violations. [R. 45, pp. 2–3; R. 44] In doing so, he admitted to the factual basis for each of the violations. [R. 45, p. 3] The Magistrate Judge considered this stipulation and found that the United States established all four violations under the standard set forth in 18 U.S.C. § 3583(e).

The Magistrate Judge next considered the gravity of the underlying offense of conviction and Peters's criminal history, and concluded that Defendant's sentencing range under the

Sentencing Guidelines (Revocation Table of Chapter Seven) is eighteen to twenty-four months. *Id.* at 4. The Magistrate Judge also noted that no maximum term of supervised release applied in this case. *Id.* at 5.

The Magistrate Judge next turned to the arguments made by the parties. *Id.* At the final hearing, the United States and defense counsel jointly recommended revocation with twelve months and one day of incarceration, followed by a two-year term of supervised release, the first six months of which would be spent in an inpatient drug treatment program. *Id.*

Having reviewed the record and the arguments of counsel, the Magistrate Judge considered all of the statutory factors imported into the 18 U.S.C. § 3583(e) analysis, as well as the applicable Sentencing Guidelines range. *Id.* at 6. The Magistrate Judge found that, under 18 U.S.C. § 3583(g)(1), revocation was mandatory, unless a suitable treatment option (or Peters's record of involvement in treatment), warranted treatment in lieu of revocation under § 3583(d). *Id.* Neither party argued for this exception. *Id.* The Magistrate Judge also noted that, even if revocation were not mandatory, revocation would be appropriate due to the nature of the violations. *Id.* at 7. The Magistrate Judge considered the nature and circumstances of Peters's conviction, his history and characteristics, the need to deter criminal conduct and protect the public, and the opportunity for education and treatment. *Id.* at 7–8. Lastly, the Magistrate Judge considered the need to avoid unwarranted sentencing disparities. *Id.* at 8. Having considered all of these factors, the Magistrate Judge recommended an incarceration sentence of twelve months (not twelve months and one day, as requested by the parties), to be followed by twenty-four months of supervised release, the first 180 days of which would be spent in inpatient drug abuse treatment. *Id.*

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed with fourteen days. *Id.* at 9. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Peters has filed a Waiver of Allocution, [R. 46].

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 45**] is **ADOPTED** as the opinion of this Court;

2. Defendant is found **GUILTY** of all four violations.

3. Defendant's supervision is **REVOKED**.

4. Defendant is **SENTENCED** to a term of incarceration of **twelve months**, followed by twenty-four months of supervised release, under the existing conditions with the exception that the first 180 days of supervision should be spent in inpatient drug abuse

- 5 -

treatment at the direction of the USPO, including strict compliance with all program rules.

5. Defendant **SHALL ATTEND** an in-court status conference six months after release from prison. The USPO must contact the Magistrate Judge following Defendant's completion of confinement for the purpose of scheduling a status conference for an update on his welfare.

6. Judgment shall enter promptly.

This the 2nd day of April, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY